IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01239-WDM-BNB

CATALINA MARIZ,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.

## ORDER OF REMAND

Miller, J.

This case is before me on the Notice of Removal filed by Defendant. Defendant removed this case to this Court on June 13, 2007 on the basis of diversity jurisdiction. 28 U.S.C. § 1332. In its Notice, Defendant asserts that there is complete diversity of citizenship between the parties. Moreover, although Plaintiff's complaint does not allege a specified amount of damages, Defendant alleges in its Notice of Removal that the amount in controversy exceeds $75,000. However, because no facts or evidence are provided that would support this assertion, I cannot find that the requirements of diversity jurisdiction are met.

In a removed case, a defendant's claim that the amount in controversy meets the jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not

dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unspecified, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

I cannot determine from the face of the complaint the amount in controversy. Defendant relies on Plaintiff's District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third Party Complaint, filed pursuant to the Colorado Rules of Civil Procedure in the original state court action, to establish this element. This is a form accompanying initial pleadings that requires a party to check boxes indicating whether "Simplified Procedure" under C.R.C.P. 16.1 applies. Here, Plaintiffs checked boxes indicating that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages." I decline to construe the checking of a box on a cover sheet form to be adequate to establish the amount in controversy under the applicable standards in this jurisdiction. Since no other facts or evidence are

included in the Notice of Removal sufficient for me to find by a preponderance of the evidence that the requirements of section 1332 are met, remand is appropriate.

Accordingly, it is ordered:

1. This case shall be remanded to the District Court, City and County of Denver, Colorado.

DATED at Denver, Colorado, on June 25, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

3